# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                CR. No. 16-847 JCH

ADAM SADLOWSKI,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Defendant pled guilty to being a felon in possession of firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On November 27, 2018, the undersigned United States District Judge sentenced Defendant to a term of imprisonment of 51 months with a three-year term of supervised release and a fine of $5,000. The Court permitted Defendant to surrender voluntarily to the Bureau of Prisons. In the meantime, Defendant has filed a notice of appeal of the denial of his motion to suppress.

This matter is currently before the Court on *Defendant Adam Sadlowski's Motion for Release Pending Appeal* [Doc. 130]. In addition to the motion itself, the Court has reviewed the Government's response [Doc. 131], the letters on the docket that have been filed in support of the Defendant, the Presentence Investigation Report and all of its addenda, and the plea agreement. The Defendant has not filed a reply. After reviewing the foregoing, the Court concludes that Defendant has not met his burden to show by clear and convincing evidence that he does not pose a danger to the community and therefore his motion should be denied.

## LEGAL STANDARD

Section 3143(b) of Title 18 of the United States Code addresses whether a defendant who has been convicted should be released or detained pending an appeal by the defendant. It provides:

> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
>     (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>     (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>         (i) reversal,
>         (ii) an order for a new trial,
>         (iii) a sentence that does not include a term of imprisonment, or
>         (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

Thus, under this statute a defendant who has been convicted and sentenced must be detained pending appeal unless he shows by clear or convincing evidence that he is not likely to flee or pose a danger to the community, and if he shows both that his appeal is not for the purpose of delay and that it raises a substantial question of law or fact as defined by the statute.

## DISCUSSION

The Government concedes that Defendant does not pose a flight risk, that his appeal is not for the purpose of delay, and that it raises a substantial question of law. Thus, the sole question before the Court is whether Defendant has shown by clear and convincing evidence that he does not pose a danger to the safety of any other person or the community if released. Defendant points

out that at sentencing, this Court concluded that he was not a danger to the community and permitted him to self-surrender. To show that Defendant is a potential danger to the community, the Government points to Defendant's criminal history, which includes violent crimes and drug crimes, as well as now two instances of possession of weapons that he was forbidden to possess. The Government also relies upon the fact that he concealed and then improperly disposed of the body of a woman who died of a drug overdose at his house, which the Government argues shows a lack of respect for human life.

In order to assess whether Defendant will pose a danger to the safety of any other person or the community, the Court will examine the Defendant's previous criminal history, the nature and circumstances of the crime of which he has been convicted, and his record on supervision.

**<u>Defendant's Previous Criminal History</u>**

Currently, Defendant is almost forty-one years old. In 1998, when he was twenty years old, Defendant was convicted of (1) receiving or transferring a stolen vehicle, (2) resisting, evading, or obstructing an officer, (3) contributing to the delinquency of a minor, and (4) reckless driving. These convictions arose from an incident in which he was driving a stolen motorcycle when he evaded and nearly hit an officer attempting to conduct a traffic stop. After several officers pursued and encountered him near a cul-de-sac, he again nearly struck several officers with the motorcycle and fled. Once he was detained, Defendant resisted arrest. The Second Judicial District Court gave him a suspended 364-day sentence and placed him on probation. However, in 1999 Defendant violated his probation by possessing firearms and ammunition and for submitting a urine sample that tested positive for methamphetamine. The court sentenced Defendant to 934 days of imprisonment.

In December of 1999, Defendant was charged in U.S. District Court with conspiracy to distribute a quantity of methamphetamine, and aiding and abetting. In 2000, the Court sentenced him to 24 months imprisonment and five years of supervised release. However, Defendant received an early termination from supervision.

Other serious violent conduct for which Defendant was charged but not convicted include:

- First degree murder, conspiracy to commit armed robbery, armed robbery, and aggravated battery (deadly weapon) in 1996. Defendant and two others were drinking with the victim and then conspired to beat him with a hammer, kick, and rob him. The victim died of massive trauma to the back of the head. The case was dismissed.

- Assault in 1997. Defendant got into a verbal altercation with another driver. Both Defendant and the other driver exited their vehicles. Defendant struck the front windshield of the other vehicle, then drove away. Disposition of the case is unknown.

- Assault in 1998. According to the victim, Defendant shot the victim's car twice in a dispute over money owed. Disposition unknown.

Finally, other non-violent crimes of which Defendant was accused but not convicted when he was 18-21 years old include larceny of golf clubs, possession of marijuana, receiving/transferring a stolen motorcycle, receiving stolen property (a firearm), and possession of a firearm by a felon.

**Defendant's Crime In This Case**

According to the Plea Agreement [Doc. 117], in February of 2016, Defendant was a felon who knowingly possessed firearms. The Presentence Investigation Report [Doc. 119] states that on February 22, 2016, detectives executing a search warrant of his home found Defendant in a bathroom with a loaded semi-automatic pistol and additional ammunition. Detectives found another loaded semiautomatic handgun inside Defendant's jacket. In addition, Detectives found eleven other weapons (two shotguns, seven rifles, a pistol, and a revolver) and additional ammunition in Defendant's car and garage. Two of the firearms were stolen. According to the

4

Government, detectives encountered other individuals at Defendant's home who told them that Defendant was a drug user, that the gun found in the bathroom belonged to Defendant, that he had many other guns, and that he used another man to assist him in illegally obtaining firearms.

Further investigation at Defendant's home led detectives to discover that a woman had died there under mysterious circumstances. It was later determined that she had died of an overdose and that Defendant had hidden her body, finally disposing of it in a recycling bin in a rural area, where it remained undiscovered for six months. Defendant was not charged with any crime relating to the death of the woman or the disposal of her body.

**Defendant's Record on Supervision**

After being arrested and charged in this case, Defendant spent 492 days in custody. Then, on June 27, 2017, he was released with pretrial conditions to a halfway house and then later to his own residence. Pretrial Services reports that Defendant has adjusted well to pretrial supervision.

**Analysis**

On one hand, Defendant has done well on conditions of release. There is no reason to believe that Defendant has used drugs since 2016, and he participated in integrated individual treatment while on pretrial release. Defendant has family and business ties to the community that would hopefully motivate him to continue in that vein. For that reason, at Defendant's sentencing on November 27, 2018, the Court allowed Defendant to remain on conditions of release until his self-surrender, scheduled by the marshals to take place on January 23, 2019, a period of approximately two months.[1]

---

[1] The Court has granted Defendant's motion to extend that date by three weeks. *See* Doc. 139.

However, Defendant has an extensive history of substance abuse, including alcohol, methamphetamine and heroin. He has also shown a propensity to collect and use firearms, even after he lost his right to do so. Defendant's extensive criminal history includes offenses involving drugs, violence, theft, and weapons. Most recently, detectives investigating a drug distribution scheme found Defendant in possession of thirteen firearms and ammunition. Finally, the Court concurs with the Government that Defendant's conduct in covertly dumping the body of a woman who died in his home and keeping her whereabouts a secret from her family for six months was cruel and selfish. Although it may not have been criminal conduct, it certainly does not demonstrate a regard for human life. The combination of drugs, violence and firearms are a potent and dangerous cocktail, and one that seems to present a recurring theme in Defendant's life.

Considering all of the foregoing, the Court concludes that Defendant has not met his burden to show, by clear and convincing evidence, that if released pending his appeal he does not pose a danger to the community.

**IT IS THEREFORE ORDERED** that *Defendant Adam Sadlowski's Motion for Release Pending Appeal* [Doc. 130] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**